IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SEEDS and LAURA SEEDS,

        Plaintiffs,

  vs.                                                                                                                         No. CIV 00-1341 BB/LFG

RICHARD LUCERO, individually and in his
official capacity, THE CITY OF ESPAÑOLA,
JOHN LENSSEN, individually and in his official
capacity, ANTHONY VANDERVOSSEN and
KATHY VANDERVOSSEN, and SIX UNKNOWN
EMPLOYEES OF THE CITY OF ESPAÑOLA,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

THIS MATTER comes before the Court on Plaintiffs Robert and Laura Seeds' ("the Seeds") Motion for Protective Order [Doc. 34], filed March 28, 2001. Defendants Anthony and Kathy VanderVossen ("the VanderVossens") filed a response; no reply is necessary.

The Seeds sue the VanderVossens, among other Defendants, alleging that Defendants deprived them of their constitutional rights, interfered with their business relations, engaged in malicious abuse of process, and intentionally inflicted emotional distress on them. The VanderVossens have requested that the Seeds produce a list of the clients of Robert Seeds' hunting guide service, including names, addresses, and telephone numbers. Defendants state that they require this information to investigate and assess the Seeds' contention that the guide service violates no zoning ordinance in that Seeds meets his clients in the mountains and not at his home.

The Seeds argue that the information sought is not relevant to any claim or defense in the case, is not calculated to lead to the discovery of admissible evidence, and constitutes sensitive proprietary business information. Defendants have stated that they are willing to enter into a confidentiality stipulation and order, to protect any sensitive information. The Court finds that the information sought is relevant and discoverable, and that the competing interests of broad liberal pretrial discovery versus protection of sensitive business interests can best be balanced by ordering the requested discovery, subject to a Confidentiality Order.

The Seeds allege that the VanderVossens have engaged in a "pattern of harassment" [Plaintiff's Memorandum in Support of Motion for Protective Order, Doc. 35 at 5], which includes making complaints to the City of Española about the Seeds' hunting guide business. The Seeds state that the VanderVossens, who live in the same neighborhood, have complained that zoning violations and other nuisances by the Seeds have diminished the value of their property and disrupted the residential nature of the neighborhood. One of the VanderVossens' complaints is that Robert Seeds meets hunting guide clients at his home and does not have a home occupation permit, in violation of zoning ordinances. Seeds denies that he meets clients at his home. The client list is, therefore, calculated to lead to the discovery of admissible evidence, as it will assist Defendants in their investigation of the truth of Robert Seeds' assertion that he does not meet clients at his home.

The Seeds argue that it would be disruptive to the hunting guide business if Defendants obtain the customer list and use it to contact Robert Seed's customers. They also assert that it is likely that the list would fall into the hands of a competitor. They contend that the customer lists at issue herein constitute trade secrets and should therefore be protected from discovery. However, there is no absolute protection from discovery for trade secrets. Federal Open Market Committee v. Merrill, 443

U.S. 340, 362, 99 S. Ct. 2800, 2813 (1979).  Rather, "[t]he claim of irreparable competitive injury must be balanced against the need for the information in the preparation of the [case]." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 999 (10th Cir. 1965), *implicitly overruled on other grounds, as stated in* FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir. 1985).  Fed. R. Civ. P. 26(c)(7) provides that, for good cause show, the Court may enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only is a designated way."

The party resisting discovery under Rule 26(c)(7) must first establish that the information sought comes within the protection of this rule, in that it is a "trade secret" or "other confidential commercial information," and that its disclosure might be harmful; once these requirements are met, the burden shifts to the party seeking discovery to show that disclosure of the information is relevant and necessary to the action.  Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981). It is within the sound discretion of the Court to determine whether the materials are relevant and necessary, whether the claim of injury outweighs the need for the information and, if disclosure of the materials is ordered, to decide "the appropriate safeguards that should attend their disclosure."  Centurion, at 326.

Even if the Seeds could establish that the customer lists for the hunting guide service were "trade secrets" and that disclosure of these names and addresses might be harmful to the business, the Court finds that the information is relevant and necessary to the action, as discussed above, and that disclosure under a Confidentiality Order will best protect the interests of both parties.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Protective Order [Doc. 34] is denied. Plaintiffs are ordered to disclose to the VanderVossen Defendants a list of the names, addresses, and telephone numbers of each person who has engaged Robert Seeds as a guide for the past five years;

IT IS FURTHER ORDERED that the information ordered produced herein is subject to the following Confidentiality Order: The materials will be used only for this case and for no other purpose. They may not be disclosed to any other person, save for any expert who may read and consider them for purposes of rendering an opinion. The expert may not disclose the information to anyone else. At the close of this litigation, all information produced, and all copies thereof, are to be retained by Plaintiffs' counsel. The records may not be disclosed to any business competitors.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge