IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SEEDS
and LAURA SEEDS,

          Plaintiffs,

vs.                                            CIVIL NO.   00-1341 BB/LFG-ACE

RICHARD LUCERO et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO TAKE DEPOSITION

THIS MATTER is before the Court on Plaintiffs' Motion to Take Deposition of Espanola City Clerk Renee Archuleta [Doc. 82]. The motion is opposed. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Case Management Background

The deposition discovery deadline imposed in this case was July 6, 2001 [Doc. 16]. While the Court extended the time for filing expert reports [Doc. 58] and subsequently extended the time for filing dispositive motions [Docs. 88, 89], no extension of the discovery deadline was authorized. Indeed, in a prior telephonic hearing on the issue, the Court denied a request to extend discovery deadlines. Thus, the proposed deposition of the City of Espanola's Clerk, Renee Archuleta, had to be taken no later than July 6, 2001.

### Present Discovery Dispute

Plaintiffs contend that in an effort to complete discovery in accord with the Court's case management deadlines, they agreed upon dates to take Ms. Archuleta's deposition. Plaintiffs contend

that although the City of Espanola agreed on a date for the deposition, it declined to voluntarily produce Ms. Archuleta and required that she be served with a subpoena. The file in this case indicates that a subpoena duces tecum was served on her on July 3, 2001, requiring the deponent, Renee Archuleta, to appear for her deposition with records on July 5, 2001.

## Analysis

The general requirements for taking a deposition of a party opponent are set out in Fed. R. Civ. P. 30(b)(1). A party desiring to take a deposition of another party must serve a written notice upon all parties identifying the deponent and the time and location of the deposition. Depositions are only binding on parties properly noticed or actually represented at the deposition. Here, the City of Espanola is a party and depositions of its officials, officers and employees are governed by Rule 30. Thus, no subpoena is necessary to secure the presence of a party for a deposition.

City of Espanola's objection to producing its City Clerk, Renee Archuleta, for a deposition without a subpoena was erroneous. Had that been the only basis of the objection, the Court would have overruled the City's objection and required the City Clerk's deposition to go forward. However, the subpoena that was served on Ms. Archuleta was not simply to appear for a deposition, but, rather, it was a subpoena duces tecum. The subpoena states:

> You are commanded to produce and to permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
>
> > Any files concerning any complaints or information regarding ROBERT SEEDS and/or LAURA SEEDS and/or any business owned by ROBERT SEEDS and LAURA SEEDS.

When a subpoena duces tecum is at issue, the party issuing the subpoena and seeking the documents must proceed in accord with the requirements of Fed. R. Civ. P. 45, rather than Rule 30. This Rule, specifically 45(c)(3)(A)(I), requires that the subpoena recipient be provided a reasonable time to comply. United States v. Wood, 931 F. Supp. 433, 442 n. 3 (E.D. Va. 1996) (obtaining subpoena seven days before the hearing was not a reasonable enough time to comply). Moreover, when the subpoena is for the production of documents, as it is here, the recipient is entitled to serve written objections to the requested documents on the issue within fourteen days of receipt of the subpoena, or before the date of production if sooner than fourteen days from the receipt of the subpoena. Rule 45(c).

Here, Plaintiffs failed to timely serve the subpoena duces tecum. The record demonstrates that the subpoena was served on July 3, and production was required by July 5. This is clearly insufficient time under Rule 45(c)(3)(A)(I) and denies the opposing party an opportunity to file its objections under 45(c).[1]

If Plaintiffs simply wanted to take the deposition of Ms. Archuleta without requiring her to bring documents, then the City of Espanola would have been in error by insisting on the service of a subpoena. Because the deposition was scheduled within the discovery deadline, the Court would have authorized the deposition to go forward. However, because the Plaintiffs were insisting on a deposition duces tecum, they failed to comply with the requirements of the federal rules, and now the discovery deadline has passed. The next question is whether the Court should now reopen discovery and allow the deposition after the discovery deadline. The Court concludes that it should not.

---

[1] It is unclear if the City Attorney advised Plaintiffs prior to the deposition that the Clerk would not appear. If this didn't occur, the City breached its responsibility under the Rule.

This case has been at issue for many, many months.  Plaintiffs certainly knew of the importance of taking the City Clerk's deposition early on.  She was identified as a witness in Defendants' initial disclosures.

Plaintiffs have offered no justification or explanation for waiting until the eleventh hour to even schedule this deposition.  No justification for serving a subpoena duces tecum with two days' notice has been offered.  No good cause has been shown for reopening the discovery deadline to allow the Plaintiffs to do something which they should have done early on in the course of this litigation.  Plaintiffs' failure to adhere to the requirements of the rules of civil procedure, specifically Rule 45, and their failure to timely serve a subpoena duces tecum is the true cause for the aborted deposition.

The Court finds that Plaintiffs' motion to take the deposition of the City Clerk is not well-taken.  Plaintiffs' motion is denied.

                                              Lorenzo F. Garcia
                                              United States Magistrate Judge