**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ROBERT SEEDS and LAURA SEEDS,**

    Plaintiffs,

v.                                                     No. CIV 00-1341 BB/LFG-ACE

**RICHARD LUCERO, individually and in his
official capacity, THE CITY OF ESPANOLA,
JOHN LENSSEN, individually and in his
official capacity, ANTHONY VANDERVOSSEN and
KATHY VANDERVOSSEN, and SIX UNKNOWN
EMPLOYEES OF THE CITY OF ESPANOLA,**

    Defendants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the defendants' motions for award of attorney fees (Docs. 163 and 165), which were filed after this Court dismissed on summary judgment the plaintiffs' civil rights claims (Doc. 160). The Court has examined the parties' submissions and the relevant legal authorities, and, for the reasons set forth below, finds that the defendants' motions are not well-taken and should be **DENIED**.

### I.
### FACTUAL BACKGROUND

Plaintiffs Robert and Laura Seeds ("Seeds") commenced this action in state court, seeking redress under 42 U.S.C. § 1983 and New Mexico common law. The Seeds alleged that Defendants Anthony and Kathy VanderVossen ("VanderVossens") conspired with Defendants Richard Lucero, John Lenssen, and the City of Espanola ("City Defendants") to deprive them of certain constitutional

rights, engage in malicious abuse of process, and inflict emotional distress upon them. The City Defendants removed the Seeds' lawsuit to this Court.

The VanderVossens and the City Defendants (collectively, "Defendants") filed motions for summary judgment on the Seeds' complaint after discovery was completed. In regard to the Section 1983 claim, the VanderVossens claimed they were entitled to a judgment on the ground that, as private citizens, they did not act under color of state law. The City Defendants, for their part, claimed they were entitled to a judgment on the grounds that the Seeds failed to assert the actual deprivation of a federal right and, even if they had done so, the City Defendants were nevertheless entitled to qualified immunity.

This Court granted the Defendants' motions on the Section 1983 claim, concluding that the Seeds had failed to present evidence establishing the actual deprivation of a federal right. Before reaching that conclusion, however, the Court determined that the Seeds had presented disturbing evidence that the Defendants conspired to harass them because Mr. Seeds opposed an annexation request made by the VanderVossens to the City Council. Upon dismissing the Section 1983 claim, the Court remanded to state court the Seeds' common law claims. The Defendants have now filed motions for attorney fees.

## II.
## DISCUSSION

### A. 42 U.S.C. § 1988

The Defendants seek their attorney fees under 42 U.S.C. § 1988, which gives courts the discretion to award reasonable attorney fees to the prevailing party in a civil rights lawsuit. The standard for awarding attorney fees to a prevailing defendant in a civil rights lawsuit differs

significantly from the standard for awarding attorney fees to a prevailing plaintiff. Whereas "a prevailing plaintiff ordinarily is entitled to attorney fees," Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000), a prevailing defendant should recover attorney fees only where the "plaintiff's action was frivolous, unreasonable, or without foundation." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The Tenth Circuit has stressed that only in "rare circumstances" is "a suit . . . truly frivolous so as to warrant an award of attorney's fees to the defendant." Clajon v. Petera, 70 F.3d 1566, 1581 (10th Cir. 1995).

### 1. Summary Judgment

The Defendants claim they should recover their attorney fees because the Court's award of summary judgment in their favor allegedly proves that the Seeds' civil rights claims were groundless. See City Defendants' opening brief at 2; VanderVossens' opening brief at 14. This Court did find that the Seeds failed to establish the actual deprivation of a federal right. However, the Court did not consider their Section 1983 claim to be so weak as to be labeled groundless. Rather, the Court determined that the Seeds had presented substantial and disturbing evidence that the Defendants conspired to harass them because Mr. Seeds had interfered with the VanderVossens' annexation request, but that the Seeds had failed to present evidence that the harassment resulted from Mr. Seeds' political affiliation or that the harassment resulted in the Seeds being treated differently from persons similarly situated. The Court's determination was not the equivalent of a finding that the Seeds' Section 1983 claim was groundless, as that term has been narrowly defined in the civil rights-attorney fees context.

The Seeds have highlighted significant distinctions between this case and the rare cases in which courts have awarded attorney fees to prevailing defendants in civil rights lawsuits. See Seeds'

response brief at 4. In Crabtree v. Munchmore, 904 F.2d 1475, 1477 (10th Cir. 1990), for example, the plaintiffs filed in federal district court a Section 1983 claim against a state district court judge because of decisions that the judge made in his official capacity. The plaintiffs pressed their claim despite the fact that the judge was clearly insulated from suit by the doctrine of absolute immunity. The court dismissed the plaintiffs' claims on grounds of judicial immunity and awarded attorney fees to the defendant as sanctions under Section 1988. In upholding the court's award of attorney fees to the defendant, the Tenth Circuit opined that "no reasonable attorney" would have brought such a lawsuit.

Unlike the courts in the Crabtree case, this Court cannot say that "no reasonable attorney" would bring a suit based on the facts alleged by the Seeds in their complaint. To the contrary, there is legal precedent sustaining the free speech, free association, and equal protection claims set forth in the Seeds' well-pleaded complaint. See, e.g., Gehl Group v. Koby, 63 F.3d 1528, 1534-35 (10th Cir. 1995) ("[A] prosecution motivated by a desire to discourage expression protected by the First Amendment is barred and must be enjoined or dismissed, irrespective of whether the challenged action could possibly be found to be unlawful.") (quotation omitted); Jantzen v. Hawkins, 188 F.3d 1247, 1251-52 (10th Cir. 1999) (ruling that a plaintiff may establish a free association claim by showing that the plaintiff's political affiliation was a substantial and motivating factor in the defendant's adverse actions); Esmail v. Macrane, 53 F.3d 176, 180 (7th Cir. 1995) (ruling that unequal governmental treatment brought to bear on a private citizen solely because a public official harbors malignant animosity towards him violates the equal protection clause).

The fact that the Seeds failed, after the close of discovery, to present evidence establishing a nexus between the Defendants' alleged harassment and the violation of a federal right does not

render their Section 1983 claim groundless. See City Defendants' reply brief at 4.  In Mitchell v. City of Moore, for example, a plaintiff sued his former employer and three city officials under Section 1983, alleging that his employment was terminated because he participated in union activities. 218 F.3d at 1198. The plaintiff claimed that the defendants' conduct violated his constitutional rights to due process, free speech, free association, and equal protection. After successfully moving for summary judgment, the defendants moved for attorney fees under Section 1988, which the court denied. The Tenth Circuit upheld the court's denial of attorney fees despite concluding that the plaintiff: (1) failed to establish that he had an interest in his employment to which due process protection attached; (2) failed to "specifically mention even one instance of speech" he engaged in "that might have led to retaliation" against him; and (3) failed to cite "any evidence in the record tending to show he was treated differently than officers 'similarly situated'" as required to state an actionable equal protection claim. Id. at 1199-01. The Tenth Circuit reasoned that although the court found that the plaintiff's response to the defendants' summary judgment motion was wholly inadequate, "that is an entirely different finding than branding the suit itself frivolous." Id. at 1204.

Like the courts in the Mitchell case, this Court found that the Seeds failed to identify a property interest to which due process protection attached and that the Seeds failed to present sufficient evidence to withstand summary judgment on their free association and equal protection claims. Critically, also like the courts in the Mitchell case, this Court did not find that the Seeds' lawsuit was groundless, frivolous, or unreasonable. The Court merely opined that the Seeds failed to establish a Section 1983 claim even though they raised a factual issue of whether the Defendants conspired to "get" them for purposes of harassment. Accordingly, this case falls within the purview

5

of the Mitchell case, not the Crabtree case. The Defendants' motions for attorney fees under Section 1988 are not well-taken.[1]

### 2. False Statements

#### a) annexation request

In an attempt to discredit this Court's reliance on Mr. Seeds' testimony that the Defendants decided to "get" the Seeds because they interfered with the VanderVossens' annexation request, the VanderVossens claim his testimony is false. See VanderVossens' opening brief at 3-4. In the absence of a trial a district court may neither disregard nor dismiss a person's testimony, unless the proffered testimony is either inherently implausible or hopelessly contradictory. See e.g., Grubbs v. Hannigan, 982 F.2d 1483, 1488 (10th Cir. 1993) (ruling that a verdict may not be predicated upon testimony that is inherently unbelievable), *citing* United States v. Narcisco, 446 F.Supp. 252, 282 (E.D.Mich. 1977) (ruling that when a court "comes to a reasoned determination that a witness's testimony is indisputedly incredible as a matter of law it must be disregarded."); Schaps v. R.A. Transp. Services, Inc., 1987 WL 12178, *6 (N.D.Ill. 1987) (ruling that if a party's statements are inherently implausible, the party is not entitled to rely upon them and the court may disregard them as a matter of law); see also Delaney v. Deere and Co., 219 F.3d 1195, 1196 fn. 1 (10th Cir. 2000) (ruling that a party's testimony may be disregarded if it contradicts earlier testimony, unless there is a good faith basis for the inconsistency).

---

[1] The Court found that a factual issue existed on the conspiracy issue because Defendant Richard Lucero ("Mayor") allegedly told Mr. Seeds that the City of Espanola was pursuing certain zoning grievances against the Seeds because they interfered with the VanderVossens' annexation request. For that reason, the Court rejects the City Defendants' bewildering contention that the Seeds' claims were vexatious and harassing in that the Seeds supposedly "had absolutely no evidence that Richard Lucero had caused any conduct on the part of the City, and all action taken by the City was lawful." City Defendants' opening brief at 3. To the contrary, the Seeds presented substantial evidence that the Mayor was largely responsible for the aggrieved conduct.

According to the VanderVossens, the Seeds initially alleged that Defendant Richard Lucero ("Mayor") decided to harass them because they purchased certain real property that his relatives, the VanderVossens, wanted to purchase. When Mr. Seeds was confronted at his deposition with a copy of the warranty deed for the subject property, he allegedly realized that his testimony had to be modified because the deed was not executed until June 1999, more than eight months after the Mayor allegedly made the inculpatory remark. It was then that Mr. Seeds allegedly perjured himself, falsely testifying that the Mayor decided to "get" the Seeds because they had "thrown the first stone" at the VanderVossens by interfering with their annexation request.

The VanderVossens' argument is unavailing for three reasons. First, Mr. Seed's testimony is not inherently implausible. It could be believed, because the Seeds have identified a document indicating that they were in the process of purchasing the property around the time that the aggrieved conduct began.[2] Second, Mr. Seeds' testimony is not contradictory, because Mr. Seeds identified two instances in which the Mayor accused the Seeds of "throwing the first stone"—one involving the real estate purchase and the other involving the VanderVossens' annexation request—and the factual predicates for those accusations are not mutually exclusive. And finally, in light of the first two reasons, the VanderVossens' argument devolves into a request that this Court judge the veracity of Mr. Seed's testimony, which it cannot do. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (ruling that the weighing of evidence and the assessment of credibility are functions to be

---

[2] The Seeds claim the VanderVossens have a copy of the document, which was made an exhibit to Mr. Seeds' deposition. See Seeds' response brief at 7 ("Defendant's omission of this exhibit is a deliberate attempt to mislead this Court."). If that is the case, not only is the VanderVossens' argument unavailing, but it also is deceptive and misleading. Counsel for the VanderVossens shall inform the Court forthwith if he possesses or has knowledge of the document. If he does, counsel shall inform the Court why his failure to identify and discuss the document did not deprive this Court of all the facts needed to render a just and fair decision in this matter. While counsel has a duty to zealously represent his clients, he has a higher duty of candor to this tribunal.

7

performed by a jury, not by a trial judge); Baum v. Gillman, 648 F.2d 1292, 1295-96 (10th Cir. 1981) (stating that genuine issues of credibility, intent, and motive must be resolved by a jury).

The VanderVossens also argue that Mr. Seeds did not in fact interfere with their annexation application because the City Council tabled the application at their request, the implications being that the Seeds could not possibly have interfered with the application and that the Mayor would not have chided Mr. Seeds for doing something he did not do. See VanderVossens' opening brief at 4. The VanderVossens' argument must be rejected for two reasons. First, Mr. Seed's deposition testimony is not inherently implausible. To the contrary, the minutes for the City Council meeting indicate that Mr. Seeds spoke in opposition to the VanderVossens' annexation request before the City Council took action.[3] And second, in light of the first reason, this Court is in effect being asked to determine whether the Mayor actually made the inculpatory statement, which it cannot do.

### b)  remaining false statements

The Defendants claim the Seeds made other false statements, which conduct allegedly demonstrates that the Seeds knowingly or recklessly filed a frivolous complaint. See City Defendants' opening brief at 3-5; VanderVossens' opening brief at 4-15. The Court rejects the Defendants' claim for two reasons. First, like the VanderVossens' argument regarding the annexation issue, the Defendants' arguments on this issue devolve into a request that this Court weigh conflicting evidence, determine the veracity of controverted testimony, assess the credibility of unimpeached

---

[3] Counsel for the VanderVossens states that "there was no interference [with the annexation request] by Seeds or anyone else because the proposal was tabled, and not ruled upon by the City Council, just as the VanderVossens had requested." VanderVossens' opening brief at 4. Counsel altogether fails to mention that Mr. Seeds and Mr. Alex Giron spoke in opposition to the annexation request before the request was tabled. Standing alone, counsel's incomplete statement wrongly suggests that there is no foundation for the Seeds' allegation that the Mayor decided to harass them because Mr. Seeds interfered with the VanderVossens' annexation request. Counsel shall inform the Court forthwith why his noted failure did not deprive the Court of all the facts needed to render a just and fair decision in this matter.

8

witnesses, and accept as true the arguments and representations of counsel. This Court, as explained above, is in no position to make such determinations.

And second, the "false statements" identified by the Defendants—at least, the statements the Seeds now admit lack factual support in the record—were shown to be false as a result of discovery. The Defendants admit as much by stating that the Seeds withdrew or abandoned numerous claims—including, their claims for free speech violations, removal from towing rotations, business losses, emotional distress, medical expenses, and attorney fees expended in prior litigation—after discovery apparently revealed that they lacked adequate support to sustain those claims. See City Defendants' opening brief at 3-5; VanderVossens' opening brief at 4-15. Although discovery may not be used to conduct a treasure hunt and subjective good faith does not excuse a party's failure to complete a reasonable investigation into the merits of the party's complaint, the evidence indicates that the Seeds had a colorable basis to assert the claims set forth in their complaint. When discovery apparently revealed that they could not sustain certain claims, the Seeds conceded as much. Thus, there is insufficient evidence to support the Defendants' contention that the Seeds' claims were groundless, frivolous, completely without foundation, or vexatious within the narrow meaning ascribed to those terms by the Mitchell-Crabtree line of cases. Accordingly, the Defendants' request for relief under Section 1988 will be denied.

**B.     28 U.S.C. § 1927**

The VanderVossens also seek their attorney fees under 28 U.S.C. § 1927, which gives courts the discretion to make personally liable an attorney who unreasonably and vexatiously multiplies proceedings. See VanderVossens' opening brief at 2. Section 1927 compensates a party for a lawyer's reckless indifference to the law, because such indifference "'may impose substantial costs

9

on the adverse party.'" Bradley v. Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987), *quoting* 28 U.S.C. § 1927.  An award of attorney fees under this statute is appropriate only where conduct, viewed objectively, "manifests either intentional or reckless disregard of the attorney's duties to the court."  Id. at 512.  The VanderVossens have not made any separate arguments on this issue, so the Court rejects the VanderVossens' claim for relief under Section 1927 for all of the reasons it rejected their claim for relief under Section 1988.  Accordingly, the VanderVossens' request for relief under Section 1927 will be denied.

## III.
## CONCLUSION

For the reasons set forth above, the Court finds that the defendants are not entitled to their attorney fees in this action.  An Order in conjunction with this Memorandum Opinion will issue.

DATED at Albuquerque this 8th day of April, 2002.

*[signature]*
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:

   Scott F. Voorhees, Santa Fe, N.M.

For Defendants:

   Frank T. Herdman, Santa Fe, N.M.
   R. Galen Reimer, Albuquerque, N.M.