IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT SEEDS and LAURA SEEDS,**

    Plaintiffs,

v.                                                        No. CIV 00-1341 BB/LFG-ACE

**RICHARD LUCERO, individually and in his
official capacity, THE CITY OF ESPANOLA,
JOHN LENSSEN, individually and in his
official capacity, ANTHONY VANDERVOSSEN and
KATHY VANDERVOSSEN, and SIX UNKNOWN
EMPLOYEES OF THE CITY OF ESPANOLA,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' APPLICATION FOR
## REVIEW OF CLERK'S ORDER SETTLING COSTS

**THIS MATTER** comes before the Court on the plaintiffs' application (Doc. 187) for review of the Clerk's orders settling costs in favor of the defendants (Docs. 183 and 184), wherein the plaintiffs claim the Clerk's assessment of costs is premature because although the plaintiffs' federal claims were dismissed on summary judgment, their common law claims were remanded to state court where they await resolution. The Court has examined the parties' submissions (Docs. 187, 190, and 191) and the relevant legal authorities, and, for the reasons set forth below, finds that the plaintiffs' application should be **GRANTED**.

### I.
### FACTUAL BACKGROUND

Plaintiffs Robert and Laura Seeds ("Seeds") commenced this action in state court, seeking redress under 42 U.S.C. § 1983 and New Mexico common law. The Seeds alleged that Defendants

Anthony and Kathy VanderVossen ("VanderVossens") conspired with Defendants Richard Lucero, John Lenssen, and the City of Espanola ("City Defendants") to deprive them of certain constitutional rights, engage in malicious abuse of process, and inflict emotional distress upon them. The City Defendants removed the Seeds' lawsuit to this Court.

The VanderVossens and the City Defendants (collectively, "Defendants") filed motions for summary judgment on the Seeds' complaint after discovery was completed. This Court granted the Defendants' motions on the Section 1983 claim. Upon dismissing that claim, the Court declined to exercise supplemental jurisdiction over the Seeds' common law claims and thereby remanded them to state court where they currently await resolution.

The Defendants, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, filed with the Clerk motions to tax costs on the ground that they had prevailed on the Seeds' constitutional claims (Docs. 161 and 168). The Clerk agreed in substance with the Defendants' motions and taxed costs in their favor (Docs. 183 and 184). The Seeds now ask this Court to reconsider the Clerk's decision.

## II.
## DISCUSSION

The Seeds claim the Clerk prematurely taxed costs against them because although their Section 1983 claim was dismissed on summary judgment, their common law claims were remanded to state court. See Seeds' application at 1. According to the Seeds, this Court should refrain from assessing costs, leaving that issue for the state court to decide after all of their claims have been finally litigated. See id. ("When the case is resolved the state court will tax costs in favor of the prevailing party.").

In response, the Defendants argue that for purposes of Rule 54(d) they are the prevailing parties because they successfully moved for summary judgment on the Seeds' Section 1983 claim, which is the only claim finally decided by this Court. See, e.g., VanderVossens' response brief at 2, *citing* Barber v. T.D. Williamson Inc., 254 F.3d 1223, 1234 (10th Cir. 2001). As the prevailing parties in this case, the Defendants claim they are entitled to their costs notwithstanding the fact that the Seeds may prevail in state court on their common law claims. See id., *citing* Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).

The Court agrees with the Defendants that they are the prevailing parties in this action for purposes of Rule 54(d). See Barber, 254 F.3d at 1234; Head, 62 F.3d at 354. However, the Court also agrees with the Seeds that the issue of costs is not ripe for consideration. The Court notes that its summary judgment award in favor of the Defendants is but one point along a procedural continuum in this litigation, where the filing of the Seeds' complaint may be viewed as the initial point and the ultimate disposition of the Seeds' common law claims in state court may be viewed as the termination point. While the Defendants have prevailed in this Court on the Seeds' federal claims, the Seeds may prevail in state court on one or more of their common law claims. In light of that possibility, it would be premature and unfair for this Court to award costs in favor of the Defendants, say for a deposition transcript that the Defendants used to defeat the Seeds' federal claims in this forum, when the Seeds may use that same deposition transcript to establish their common law claims in state court. See Weseloh-Hurtig v. Hepker, 152 F.R.D. 198, 201 (D.Kan. 1993) (ruling that a district court "has the discretion to apportion costs between the parties, especially when neither party completely prevails at trial."). Because the state court is uniquely situated to account for such outcomes, this Court should refrain from assessing costs in this matter.

3

The Head case does not stand for a different result. In that case, the plaintiff filed a complaint in state court in which she asserted both federal claims and state common law claims. See id., 62 F.3d at 353. After removing the suit to federal court, the defendants successfully moved for summary judgment on the plaintiff's federal claims. The district court declined to exercise supplemental jurisdiction over any common law claims, dismissing them without prejudice. The district court then denied without explanation the defendants' request for costs, and the defendants appealed. The Eleventh Circuit reversed the district court's decision, stating:

> That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed. Thus, defendants were the prevailing party in the district court for purposes of Rule 54(d) and are entitled to their costs <u>unless the district court has some special reason to deny the costs.</u>

Id. at 355 (emphasis added). This Court, unlike the district court in the Head case, has enunciated a "special reason" for denying costs to the Defendants–the state court, which now has the Seeds' common law claims pending before it, will be in the best position to fairly assess costs after all of the Seeds' claims have been litigated.

Ultimately, the fact that the Seeds' common law claims are currently pending before the state court on remand is important to this Court's determination for another reason. Had their claims been dismissed without prejudice as in the Head case, the Seeds might have declined to prosecute their complaint in state court in which case the Defendants would have been unable to recover any costs to which they may be rightly entitled. Under the circumstances of this case, the Defendants are not exposed to that unjust and inequitable prospect. See Weseloh-Hurtig, 152 F.R.D. at 201. Accordingly, the Court will not assess costs in this litigation.

4

## III.
## CONCLUSION

For the reasons set forth above, the Court will reverse the Clerk's decision to tax costs against the Seeds and in favor of the Defendants.

## **ORDER**

**WHEREFORE**,

**IT IS ORDERED** that the Clerk's orders settling costs in favor of the defendants (Docs. 183 and 184) are **REVERSED**.

**DATED** at Albuquerque this 21st day of May, 2002.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:

    Scott F. Voorhees, Santa Fe, N.M.

For Defendants:

    Frank T. Herdman, Santa Fe, N.M.
    R. Galen Reimer, Albuquerque, N.M.